FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
SEP 06 2013
at ___ o'clock and ___ min ___ M.
SUE BEITIA, CLERK

HINKHOUSE WILLIAMS WALSH LLP
John T. Williams *pro hac pending*
Jason H. Nash *pro hac pending*
Michael J. Morrison *pro hac pending*
180 N. Stetson Avenue, Suite 3400
Chicago, Illinois 60601
Telephone: (312) 784-5400
Facsimile: (312) 784-5499
jwilliams@hww-law.com
jnash@hww-law.com
mmorrison@hww-law.com

FUKUNAGA, MATAYOSHI, HERSHEY & CHING, LLP
Jerold T. Matayoshi          2747
841 Bishop Street, Suite 1200
Honolulu, Hawaii 96813
Telephone: (808) 533-4300
jtm@fmhc-law.com

**Attorneys for Defendant**
**Fisher Scientific Company L.L.C.**
**(incorrectly named as**
**"Thermo Fisher Scientific Inc.")**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES R. S. HERBERT and BARBARA ELLIS<br><br>Plaintiffs,<br><br>vs.<br><br>THERMO FISHER SCIENTIFIC INC., successor in interest to Fisher Scientific Co., a Delaware corporation, and DOES 1 to 25,<br><br>Defendants. | Civil No. CV13 00452 DKW BMK<br><br>NOTICE OF REMOVAL;<br>EXHIBITS "A" – "B";<br>CERTIFICATE OF SERVICE |

## **NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT Defendant Fisher Scientific Company L.L.C. (incorrectly named as "Thermo Fisher Scientific Inc.") ("Fisher Scientific"), through its counsel and pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446, hereby submits its Notice of Removal. As grounds for removal, Fisher Scientific states as follows:

1. On August 12, 2013, Plaintiffs James R. S. Herbert ("Herbert") and Barbara Ellis ("Ellis" and collectively with Herbert "Plaintiffs") filed a Complaint captioned *Herbert, et al. v. Thermo Fisher Scientific Inc., et al.*, in the Circuit Court of the First Circuit, State of Hawaii, under Civil No. 13-1-2195-08 (RAN). The Complaint alleges that Plaintiff Herbert was exposed to asbestos-containing products manufactured and/or supplied by Defendant Fisher Scientific and, as a result, developed mesothelioma. In accordance with 28 U.S.C. § 1446(a), attached hereto as Exhibit A is a true and correct copy of Plaintiffs' Complaint, Summons, Plaintiffs' Request to Exempt Case from the Court Annexed Arbitration Program and Summary of Facts.

2. Plaintiffs' Complaint and Notice to Defend were served on Fisher Scientific on August 20, 2013. (*See* Ex. B, Declaration of Michael J. Morrison dated September 6, 2013, at ¶ 4.) This removal is timely pursuant to 28 U.S.C. § 1446(b).

3. This lawsuit is a civil action within the meaning of 28 U.S.C. §§ 1441(a) and 1446(b), which govern the removal of civil actions to the district courts of the United States. As detailed, *infra*, complete diversity of citizenship exists in this case because: (i) Plaintiffs on information and belief are citizens of Hawaii and Fisher Scientific, the only named defendant, is not a citizen of Hawaii; and (ii) the amount in controversy exceeds the sum or value of $75,000. This action accordingly is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and it is removable pursuant to 28 U.S.C. §§ 1441(1) and 1446(b).

**There Is Complete Diversity Of Citizenship**

4. Upon information and belief, Plaintiffs are citizens of the City and County of Honolulu, State of Hawaii. (*See* Ex. A, Complaint at ¶ 1 (alleging that "Plaintiffs are residents of the City and County of Honolulu, State of Hawai'i.")

5. Fisher Scientific is, and at the time of the filing of the Complaint was, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Pennsylvania. (*See* Ex. B at ¶ 5;) 28 U.S.C. § 1332(c)(1) (for purposes of diversity, "a corporation shall be deemed

to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").[1]

6.  The citizenship of fictitious defendants is ignored for purposes of removal. 28 U.S.C. § 1441(b); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (holding that the inclusion of Doe defendants in a complaint did not defeat diversity jurisdiction).

7.  Pursuant to 28 U.S.C. § 1332, as amended, complete diversity of citizenship therefore exists as between all parties in this case.

**The Amount In Controversy Exceeds $75,000**

8.  This is a complex asbestos products liability action in which Plaintiffs demand unspecified general and special damages, including "lost wages," "medical bills," "miscellaneous expenses," "loss of affection," and "serious emotional distress," and punitive damages. (*See* Ex. A, Complaint at ¶¶ 11-12, 34, Prayer for Relief.) Plaintiffs' Complaint does not set forth the amount of damages sought, and this Court accordingly may consider "summary-judgment-type evidence

---

[1] The improperly named defendant Thermo Fisher Scientific Inc. ("Thermo Fisher") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Massachusetts. (*See* Ex. B at ¶ 6.) There accordingly is complete diversity of citizenship between Plaintiffs and the improperly named Thermo Fisher and this removal would be effective even if Thermo Fisher were the properly named defendant for the reasons set forth, *infra*.

relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (internal quotation omitted).

9. Plaintiffs filed in the state court a Request to Exempt Case from the Court Annexed Arbitration Program and Summary of Facts simultaneously with their Complaint. (*See* Ex. A, Plaintiffs' Summary of Facts.) Plaintiffs claim therein that that "the probable jury award will be in excess of $150,000.00." (*Id.* at ¶ 4.)

10. Counsel for Fisher Scientific has reviewed reports of verdicts and settlements in cases in this judicial district in actions claiming injuries of the nature alleged by Plaintiffs from the alleged exposure to asbestos. Based on that review, it is reasonably believed that if Plaintiffs succeeded in proving all of the allegations in this action, they would demand and would recover in excess of $75,000, exclusive of interest and costs. (Ex. B at ¶ 7.)

11. Pursuant to 28 U.S.C. § 1446(d), Fisher Scientific promptly will provide written notice of removal of the action to Plaintiffs and promptly will file a copy of this Notice of Removal with the Clerk of the Circuit Court of the First Circuit, State of Hawaii.

WHEREFORE, the above-entitled action is hereby removed from the Circuit Court of the First Circuit, State of Hawaii to the United States District Court for the District of Hawaii.

Dated: Honolulu, Hawaii, September 6, 2013.

_____
JEROLD T. MATAYOSHI
JOHN T. WILLIAMS *pro hac pending*
JASON H. NASH *pro hac pending*
MICHAEL J. MORRISON *pro hac pending*

**Attorneys for Defendant Fisher Scientific Company L.L.C. (incorrectly named as "Thermo Fisher Scientific Inc.")**