# EXHIBIT A

Of Counsel:
GALIHER DeROBERTIS ONO

| | |
|---|---|
| GARY O. GALIHER | 2008 |
| L. RICHARD DeROBERTIS | 3179 |
| DIANE T. ONO | 5590 |
| ILANA K. WAXMAN | 8733 |
| SCOTT K. SAIKI | 5595 |
| JOHN H. PRICE | 2576 |
| AMANDA J. WESTON | 7496 |

610 Ward Avenue
Honolulu, Hawai`i  96814-3308
Telephone:  (808) 597-1400
Facsimile:  (808) 591-2608

Attorneys for Plaintiffs

2013 AUG 12  AM 10: 29

A. MARPLE
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI`I

IN RE:
HAWAI`I STATE ASBESTOS CASES

This Document Applies To:

JAMES R. S. HERBERT and
BARBARA ELLIS,

      Plaintiffs,

    vs.

1) THERMO FISHER SCIENTIFIC INC.,
successor in interest to Fisher Scientific Co.,
a Delaware corporation; and

2) DOES 1 to 25,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL NO. 13-1-2195-08 _____ (RAN)
(Toxic Tort/Asbestos Personal Injury)

**COMPLAINT; SUMMONS**

Complex Litigation
Judge: Hon. Rhonda A. Nishimura
Trial Date:  None

D:\06352A01\Pleadings\Complaint.doc

COMPLAINT

I do hereby certify that this is a full, true, and
correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

FIRST CAUSE OF ACTION:

1.     Plaintiffs above named are husband and wife respectively.   Plaintiff JAMES R. S. HERBERT is hereinafter referred to as "Plaintiff first named"; Plaintiff BARBARA ELLIS is the spouse of Plaintiff JAMES R. S. HERBERT and is hereinafter referred to as "Plaintiff second named". Plaintiffs are residents of the City and County of Honolulu, State of Hawai`i;

2.     Defendant 1) THERMO FISHER SCIENTIFIC INC., successor in interest to Fisher Scientific Co., a Delaware corporation, (hereinafter also "FISHER"); Defendant 2) DOES 1 to 25, were doing business in the State of Hawai`i at all times mentioned herein.

3.     The true names and capacities, whether individual, corporate, partnership, or otherwise, of Defendants DOE 1 to 25, inclusive, and each of them, are unknown to Plaintiffs, who, therefore, sue these Defendants by such fictitious names and will ask leave of court to amend this Complaint when the same shall have been ascertained; Plaintiffs are informed and believe and upon such information and belief state the fact to be that each Defendant designated herein as a "DOE" was responsible, negligently, or in some manner, for the events and happenings referred to herein and that DOES 1 to 25 negligently manufactured, sold and/or supplied asbestos products and/or certain asbestos-containing equipment, including asbestos pads for bunsen burners, to which Plaintiff first named was exposed.

4.     Plaintiffs are informed and believe, and upon such information and belief, allege that at all times and places mentioned herein, each of the Defendants was the agent or co-conspirator of each of the remaining Defendants, and was at all times and places mentioned herein acting within the purpose and scope of said agency or conspiracy.

2

5.      FISHER sold certain asbestos-containing products to various schools, which contained asbestos.

6.      Plaintiff first named was engaged in his employment as a chemistry teacher in Indonesia teaching at an American school during the approximate years 1979 to 2002, where asbestos products were being used, including those of FISHER; and was repeatedly exposed to great quantities of asbestos, asbestos dust and asbestos fibers; and on these and other occasions, JAMES R. S. HERBERT inhaled asbestos dust and fibers from said asbestos products; and said exposures and inhalation directly and proximately caused Plaintiff first named to develop malignant mesothelioma and other asbestos-related diseases and injuries to his lungs, chest cavity, cardiovascular system and other parts of his body, which were not discovered and/or were disguised until about July 2012.

7.      The said injuries to Plaintiffs were caused by the negligence of Defendants, and each of them.

8.      At all times and places mentioned herein, Defendants, and each of them, negligently designed, manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, leased, sold, recommended and delivered the hereinabove described certain asbestos products in such manner so as to cause said asbestos products to be in a defective and unsafe condition, and unfit for use in the way and manner such products are customarily treated, used and employed; and, that said Defendants, and each of them, negligently failed to discover said defects and/or failed to warn and/or adequately test and give adequate warning of known or knowable dangers of asbestos products to users of said products of said defects and dangers and/or failed to find or use a safe substitute insulating material.

9.     At all times and places mentioned herein, Defendants, and each of them, carelessly and negligently permitted dangerous and defective asbestos products to exist at the hereinabove described locations; and furthermore, Defendants, and each of them, negligently failed to provide Plaintiff first named a safe place of employment by reason of their acts, omissions and conduct.

10.     As a result of the above, Plaintiff first named contracted malignant mesothelioma and other asbestos-related diseases and injuries to his lungs, chest cavity, cardiovascular system, and other bodily injuries, including shock, great pain of mind and body, fear of cancer and fear of death, and has been permanently injured.

11.     As a further result of the above, Plaintiffs have incurred medical bills and miscellaneous expenses, and asks leave to amend this Complaint to show the total thereof at the trial.

12.     As a further result of the above, Plaintiffs sustained wage losses, to be shown at the time of trial.

SECOND CAUSE OF ACTION:

13.     Plaintiffs reallege and incorporate herein by reference, paragraphs 1 through 12 of the First Cause of Action.

14.     At all times and places mentioned herein, Defendants and each of them, were engaged in the business of designing, manufacturing, assembling, maintaining for sale, testing, inspecting, marketing, distributing, recommending and selling, leasing, renting and supplying asbestos products.

15.     Hereinabove described asbestos products were in substantially the same condition as at the time of design, manufacture, assembly, testing, inspection, marketing, distribution and sale.

16.     At all times and places mentioned herein, said asbestos products failed to meet consumer expectations of safety, and were unreasonably dangerous and in a defective condition as to design and marketing, and Defendants failed to warn or give adequate warning calculated to reach the ultimate users or consumers of the dangers of asbestos products, all of which directly and proximately resulted in the injuries and damages sustained by Plaintiffs.

17.     By reason of the premises, Defendants and each of them, are strictly liable to Plaintiffs.

THIRD CAUSE OF ACTION:

18.     Paragraphs 1 through 17 are realleged and incorporated herein by reference.

19.     At all times and places mentioned herein, Defendants and each of them, at the time of design, manufacture, and sale of said asbestos products expressly and impliedly warranted that said asbestos products as hereinabove described were of merchantable quality, properly designed, manufactured and reasonably fit and suitable for ordinary use in the ship construction, ship overhaul and ship refitting industries.

20.     At all times and places mentioned herein, Defendants and each of them, breached said warranty, in that, among other things, said asbestos products were not of merchantable quality nor properly designed nor manufactured nor fit for ordinary use in the industry; that said asbestos products were designed, manufactured, fabricated, assembled, supplied, marketed, sold and distributed in such a dangerous and defective condition that said asbestos products were reasonably likely to, and did, cause injury by reason of Defendants' design and manufacture and

5

failure to warn; and further said asbestos products could not safely be used by a person exercising ordinary and reasonable care.

21.     As a direct and proximate result of these breaches of expressed and implied warranties, Plaintiffs suffered injury, disease, and damage as is herein set forth.

FOURTH CAUSE OF ACTION:

22.     Paragraphs 1 through 21 are realleged and incorporated herein by reference.

23.     As a direct and proximate result of the Defendants manufacturing asbestos materials and placing them in the stream of interstate commerce, Plaintiffs have been injured as described herein.

24.     Plaintiffs, through no fault of their own, may not be able to identify any or all asbestos products which caused the injuries stated herein.

25.     Each Defendant manufacturer is liable for Plaintiff's injuries in proportion to that Defendant manufacturer's share of the asbestos materials market.

FIFTH CAUSE OF ACTION:

26.     Paragraphs 1 through 25 are realleged and incorporated herein by reference.

27.     As a direct and proximate result of the Defendants manufacturing asbestos materials and placing them in the stream of interstate commerce, and their subsequent use in the insulation and other trades, private industries and in shipyards and on ships, and so that the aforesaid described materials came into use by Plaintiff first named, and/or to which he came in contact, Plaintiffs have been injured as described herein.

28.     There is a high probability that the injuries stated herein were caused by the tortious behavior of some one of the Defendants.

6

29.     Defendants concertedly adhered to a dangerous, industry-wide safety standard in their manufacture of the asbestos products.

30.     Each Defendant manufacturer is liable to Plaintiffs for all injuries stated herein by virtue of industry-wide or enterprise liability.

SIXTH CAUSE OF ACTION:

31.     Paragraphs 1 through 30 are realleged and incorporated herein by reference.

32.     At all times and places mentioned herein, Defendants and each of them, so designed, manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, leased, sold, rented, recommended and/or delivered the hereinabove described certain asbestos products so as to know said asbestos products to be in a defective and unsafe condition, and unfit for use in the way and manner such products are normally used and intentionally caused the injuries hereinabove described to Plaintiff first named.

SEVENTH CAUSE OF ACTION:

33.     Paragraph 1 through 32 are realleged and incorporated herein by reference.

34.     By reason of the injuries to Plaintiff first named, JAMES R. S. HERBERT, Plaintiff second named, BARBARA ELLIS, suffered loss of affection, society, company, support, consortium, companionship, comfort and protection and suffered serious emotional distress.

EIGHTH CAUSE OF ACTION:

35.     Paragraphs 1 through 34 are realleged and incorporated herein by reference.

36.     Plaintiff JAMES R. S. HERBERT and others in his position worked in close proximity to the asbestos-containing products of Defendants, and the presence of Plaintiff

7

JAMES R. S. HERBERT, as well as others in his position, was known, or, in the exercise of reasonable care, should have been anticipated by the Defendants, and each of them.

37.     The Defendants and each of them, have been possessed since 1929 of medical and scientific data which clearly indicates that the products, asbestos and asbestos related insulation products, were hazardous to the health and safety of Plaintiff first named and others in his position, and prompted by pecuniary motives, the Defendants, and each of them, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said Defendants. As a result, the Plaintiffs have been severely damaged as is set forth below.

38.     At all times and places mentioned herein, Defendants, and each of them, so negligently designed, manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, leased, sold, rented, recommended and delivered the hereinabove described certain asbestos products so as to cause said asbestos products to be in a defective and unsafe condition, and unfit for use in the way and manner such equipment is customarily treated, used, and employed in a manner as to amount to reckless and wanton disregard for the safety, health, welfare, and feelings of Plaintiffs, and for that reason, Plaintiffs claim punitive damages against each Defendant, in the amount shown at trial.

WHEREFORE, Plaintiffs demands judgment against Defendants in an amount of damages that is within the minimum jurisdictional limits of this Court, as follows:

1.     General damages as are proven at the time of trial;

2.     Special damages as are proven at the time of trial;

8

3.     Punitive damages as are proven at the time of trial;

4.     For costs incurred herein; and

5.     For such other and further relief as may be deemed just and equitable in the premises, including, but not limited to, prejudgment interest.

GARY O. GALIHER
L. RICHARD DeROBERTIS
DIANE T. ONO
ILANA K. WAXMAN
SCOTT K. SAIKI
JOHN H. PRICE
AMANDA J. WESTON
Attorneys for Plaintiffs

9

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI‛I

| | |
|---|---|
| IN RE:<br>HAWAI‛I STATE ASBESTOS CASES | CIVIL NO. _____ (RAN)<br>(Toxic Tort/Asbestos Personal Injury) |
| This Document Applies To: | **SUMMONS** |
| JAMES R. S. HERBERT and<br>BARBARA ELLIS, | |
| Plaintiffs, | |
| vs. | |
| 1) THERMO FISHER SCIENTIFIC INC.,<br>successor in interest to Fisher Scientific Co.,<br>a Delaware corporation; and | Complex Litigation<br>Judge: Hon. Rhonda A. Nishimura |
| 2) DOES 1 to 25, | Trial Date: None |
| Defendants. | |

S U M M O N S

STATE OF HAWAI‛I

To the above-named Defendants:

You are hereby summoned and required to file with the court and serve upon GALIHER DeROBERTIS ONO, Plaintiffs' attorneys, whose address is 610 Ward Avenue, Honolulu, Hawai`i 96814-3308, an answer to the Complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Honolulu, Hawai`i, _____ **AUG 1 2 2013** _____.

A. MARPLE ( S E A L )

CLERK OF THE ABOVE-ENTITLED COURT

11

Of Counsel:
GALIHER DeROBERTIS ONO

| | |
|---|---|
| GARY O. GALIHER | 2008 |
| L. RICHARD DeROBERTIS | 3179 |
| DIANE T. ONO | 5590 |
| ILANA K. WAXMAN | 8733 |
| SCOTT K. SAIKI | 5595 |
| JOHN H. PRICE | 2576 |
| AMANDA J. WESTON | 7496 |

610 Ward Avenue
Honolulu, Hawai'i 96814-3308
Telephone: (808) 597-1400

Attorneys for Plaintiffs

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2013 AUG 12  AM 10: 30

A. MARPLE
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| IN RE:<br>HAWAI'I STATE ASBESTOS CASES<br><br>This Document Applies To:<br><br>JAMES R. S. HERBERT and<br>BARBARA ELLIS,<br><br>       Plaintiffs,<br><br>    vs.<br><br>THERMO FISHER SCIENTIFIC INC., et<br>al.,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. **13-1-2195-08** (RAN)<br><br>(Toxic Tort/Asbestos Personal Injury)<br><br>REQUEST TO EXEMPT CASE FROM THE<br>COURT ANNEXED ARBITRATION<br>PROGRAM; SUMMARY OF FACTS<br><br>(Not Assigned Trial Date)<br><br>Complex Litigation<br>Judge: Hon. Rhonda A. Nishimura |

D:\06352A01\Pleadings\Req to Exempt fr CAAP.doc

REQUEST TO EXEMPT CASE FROM THE
COURT ANNEXED ARBITRATION PROGRAM

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | | |
|---|---|---|
| IN RE:<br>HAWAI'I STATE ASBESTOS CASES | ) | CIVIL NO. _____ (RAN) |
| | ) | |
| This Document Applies To: | ) | (Toxic Tort/Asbestos Personal Injury) |
| | ) | |
| JAMES R. S. HERBERT and<br>BARBARA ELLIS, | ) | SUMMARY OF FACTS |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THERMO FISHER SCIENTIFIC INC., et<br>al., | ) | Trial Date: Not Assigned<br>Complex Litigation |
| | ) | Judge: Hon. Rhonda A. Nishimura |
| Defendants. | ) | |
| | ) | |

D:\06352A01\Pleadings\Req to Exempt fr CAAP.doc

## SUMMARY OF FACTS

1.    Plaintiff JAMES R. S. HERBERT has malignant mesothelioma and other asbestos

related diseases as a result of being exposed to asbestos.

2.    This is a complex asbestos products liability action against two (2) corporate

defendants who manufactured the asbestos containing products which caused plaintiff's injuries.

This is subject to the complex asbestos litigation designation pending before the Honorable

Rhonda A. Nishimura.

3.    Punitive damage claims are also being made against several defendants.

4.    Therefore we believe the probable jury award will be in excess of $150,000.00,

and ask that this case be exempted from the Court Annexed Arbitration Program.

DATED: Honolulu, Hawai'i, ___**AUG 1 2 2013**___.

GARY O. GALIHER
J. RICHARD DeROBERTIS
DIANE T. ONO
ILANA K. WAXMAN
SCOTT K. SAIKI
JOHN H. PRICE
AMANDA J. WESTON
Attorneys for Plaintiffs

2

RETURN RECEIPT REQUESTED

7012 3460 0002 2357 7122

GALIHER DeROBERTIS ONO

ATTORNEYS AT LAW

610 WARD AVENUE • HONOLULU, HAWAII 96814-3308

To:

Thermo Fisher Scientific Inc.
81 Wyman Street
Waltham, MA 02454

RETURN RECEIPT REQUESTED